UNITED STATES DISTRICT COURT
         MIDDLE DISTRICT OF PENNSYLVANIA

| DESTINY KING and | : | |
| --- | --- | --- |
| MEREDITH BEYERS, | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:17-1764 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| EAST STROUDSBURG SCHOOL | : | |
| DISTRICT and ADAM | : | |
| GANGAWARE, | : | |
| | : | |
| Defendants | | |

## MEMORANDUM

Pending before the court is defendants', East Stroudsburg School District and Adam Gangaware, Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1, M.D. Pa. (Doc. 17). For the reasons that follow, the court will **DENY** the motion.

### I. Procedural History

On September 28, 2017, plaintiffs, Destiny King and Meredith Beyers, filed a complaint against East Stroudsburg School District and Adam Gangaware alleging excessive use of force and municipal liability.[1] (Doc. 1).

---

[1] In plaintiffs' amended brief in opposition to defendants' motion for summary judgment (Doc. 31), plaintiffs indicate that they withdraw their claim against the school district for municipal lability.

In response, on July 12, 2018, defendants filed a motion for summary judgment (Doc. 17), and a statement of material facts (Doc. 18), which were followed by a brief in support of their motion for summary judgment (Doc. 23) and a supplemental statement of material facts (Doc. 22).

On August 16, 2018, plaintiffs filed a brief in opposition to defendants' motion for summary judgment, a separate concise statement of material facts, and a response to defendants' statement of material facts (Doc. 24), which was amended on August 24, 2018 (Doc. 32). In response, on August 23, 2018, defendants filed a reply brief to plaintiffs' brief in opposition (Doc. 28).

The court notes that the plaintiffs failed to respond to defendants' supplemental statement of material facts. Likewise, defendants failed to respond to plaintiffs' amended statement of material facts. However, taking the facts in a light most favorable to the plaintiffs as the non-moving party, as the court must do, there is a genuine issue of material fact in dispute as to the plaintiffs' claim for excessive force and thus summary judgment is not appropriate.

Defendants' motion for summary judgment (Doc. 17) is now ripe for disposition and as stated above the court will **DENY** the motion.

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c)*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively

identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex Corp.*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-LaRoche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III. Discussion

Plaintiff King claims defendant Gangaware violated her constitutional rights by using excessive force when arresting her, in violation of the Fourth Amendment.

To prevail in an action under §1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution and the laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

To establish an excessive force claim under the Fourth Amendment, "a plaintiff must show both that a seizure occurred and it was unreasonable." *Lynn v. Schertzberg*, 169 F. App'x 666, 669 (3d Cir. 2006) (citing *Kopec v. Tate*, 361 F. 3d 772, 776 (3d Cir. 2004)). "To determine reasonableness, the Court asks whether the officer's conduct was 'objectively reasonable' in light of the totality of the facts and circumstances. *Id.* Factors to be considered include, but are not limited to: whether the suspect posed an immediate threat to the officers, whether the suspect was actively resisting arrest,

and/or whether the suspect appeared to be violent. *Id.* (citing *Graham v. Conner*, 490 U.S. 386, 396 (1989); *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997)).

The reasonableness of a particular incident of use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Kopec v. Tatel,* 361 F.3d 772, 777 (3d. Cir. 2004) (citing *Graham*, 490 U.S. at 396-97). Although questions of reasonableness are best resolved by a jury, a defendant can still win on summary judgement if a court concludes that an officer's use of force was objectively reasonable under the circumstances. *Id.*

Here, there is a genuine issue of material fact regarding whether defendant Gangaware's use of force was, in fact, objectively reasonable. Defendants claim that defendant Gangaware was contacted via radio by the Monroe County Control Center and was notified of a domestic dispute involving a female in a car somewhere on the East Stroudsburg High School North campus. The incident report prepared by defendant Gangaware states when he arrived at the scene he made contact with the driver of a red SUV, plaintiff Beyers, who exited the vehicle and showed defendant Gangaware bleeding scratches on her wrists. The report continues, that plaintiff Beyers then identified herself as the mother of the person in the gray hoodie, plaintiff

King, who was walking away from the SUV. The report indicates that defendant Gangaware got back into his squad car and followed plaintiff King and plaintiff Beyers followed him.

At some point plaintiff King was then able to get back into her mother's SUV and at that time locked the passenger side door. Defendant Gangaware's report avers that at this time plaintiff King began hitting her mother, plaintiff Beyers, with open and closed fists. Defendant Gangaware was able to enter the SUV via the back-passenger seat, from which he was able to restrain plaintiff King's right arm to stop her from hitting her mother. While plaintiff King's right arm was restrained, plaintiff Beyers was able to open the front-passenger door and defendant Gangaware released plaintiff King's right arm. Defendant Gangaware directed plaintiff King to exit the vehicle and she did not comply. As a result, defendant Gangaware removed plaintiff King from the SUV by restraining her right arm and pulling. Plaintiff King began to pull away from him when he told her that she was under arrest. She was directed to stop resisting. Defendant Gangaware avers that upon pulling plaintiff King out of the SUV they both lost their footing and he fell on top of plaintiff King.

Defendant Gangaware presents that it was plaintiff King's violence against her mother and her resisting his directions and arrest that justified

his use of force. Defendant Gangaware testified to the accuracy of his incident report but plaintiff disputes material aspects of the document, specifically, that any physical contact or assault was witnessed by defendant Gangaware.

Reversely, plaintiffs claim that on the morning of December 8, 2016, plaintiff King did not want to go to school and an argument ensued. Plaintiffs claim that defendant Gangaware was contacted by dispatch and informed only that someone was requesting help on campus. Plaintiffs further claim that plaintiff Beyers did have one fingernail scratch mark on her wrists from plaintiff King trying to take her mother's cellphone but maintain that the scratch was not bleeding. When defendant Gangaware arrived at the scene, it is not contested that plaintiffs were not engaged in any violence and plaintiff King was about 500 feet away from defendant Gangaware and plaintiff Beyers. It is further not contested that plaintiff Beyers spoke with defendant Gangaware upon his arrival; however, plaintiffs claim that plaintiff Beyers never reentered the SUV but King entered and locked the doors, locking both plaintiff Beyers and defendant Gangaware out of the SUV. Plaintiffs claim that while plaintiff Beyers was trying to open the door with the key fob, defendant Gangaware entered the passenger back seat and restrained plaintiff King's right arm and pulled it behind the seat and told her that she

was going to jail. When defendant Gangaware moved to the front passenger door, plaintiff King was no longer holding down the lock button and not resisting defendant Gangaware. Once defendant Gangaware got the door open, plaintiffs claim that he grabbed plaintiff King by the collar and arm, yanked her out of the car, threw her to the ground and he then fell on top of plaintiff King.

Plaintiffs' facts indicate that defendant Gangaware never witnessed any violence by plaintiff King against her mother. Further, they provide that plaintiff King never resisted defendant Gangaware's directions. These facts are in direct contradiction to those presented by defendant Gangaware.

Clearly, questions remain about what happened during plaintiff King's arrest and whether the use of force by defendant Gangaware was reasonable given the circumstances. This case presents "he said/she said" factual discrepancies that the court deems material making summary judgment inappropriate.

### IV. Conclusion

For the foregoing reasons, defendants' motion for summary judgment, (Doc. 17) will be **DENIED**. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**DATE: February 21, 2020**
17-0164-01.docx